[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising three assignments of error, defendant-appellant Tollie E. Hutchins appeals from the sentence imposed following the acceptance of his pleas of guilty for the rape and sexual battery of his minor daughter, in violation of R.C. 2907.02 and 2907.03(A)(5). The trial court imposed a four-year term of imprisonment for each offense and ordered Hutchins to serve the terms consecutively.
In his first assignment of error, Hutchins contends that the trial court denied him due process of law when it made the findings of fact that support the sentence it ultimately imposed "outside [his] presence." Without citation to legal authority, Hutchins argues that the trial court's preparation of a sentencing worksheet the night before the sentencing hearing was error.
The Ohio Supreme Court requires only that "before imposing sentence" the trial court address the defendant personally and ask whether he wishes to make a statement in his own behalf or present any information in mitigation of punishment. See State v. Campbell (2000),90 Ohio St.3d 320, 738 N.E.2d 1178, paragraph one of the syllabus; Crim.R. 32(A)(1). The trial court fully complied with this rule. At the sentencing hearing, the trial court notified the parties that, in advance of the hearing, it had spent considerable time reviewing the record and the presentence investigation and identifying the sentencing factors relevant to Hutchins. The court said that it was reserving the imposition of sentence until it heard argument and statements from Hutchins and his counsel. The trial court's commendable care and diligence is what is expected of a conscientious judge at the sentencing hearing as contemplated in State v. Edmondson (1999), 86 Ohio St.3d 324,715 N.E.2d 131. The assignment of error is overruled.
In two interrelated assignments of error, Hutchins contests the trial court's imposition of more than the minimum term of imprisonment and of consecutive sentences pursuant to R.C. 2929.14(E)(4). See R.C.2953.08(A)(4).
A trial court may order multiple sentences to run consecutively where the court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that he poses to the public. See R.C. 2929.14. Additionally, the court must find at least one of several additional factors, including that the harm caused to the victim was great or unusual or that no single prison term would adequately reflect the seriousness of the offender's conduct. When imposing consecutive sentences, the trial court must, pursuant to R.C. 2929.19(B)(2), make these findings and provide its reasons for imposing consecutive sentences.
The trial court made the required findings and gave reasons that supported those findings. See State v. Edmondson, 86 Ohio St.3d at 328,715 N.E.2d at 135. The court noted on its sentencing worksheet and stated at the sentencing hearing that Hutchins caused great harm to his daughter by sexually abusing her over one hundred times during a four-year period, beginning when she was fourteen years of age. The trial court expressly made findings on every sentencing factor required. Hutchins's claim is simply not supported by the record. See R.C. 2953.08(G)(2)(a). Moreover, the trial court's decision that a minimum term of imprisonment would demean the seriousness of the offense and would not adequately protect the public was amply supported by the record. See R.C. 2929.14(B). The second and third assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.